IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUBERT LONG, | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1367-K |
| | ) | |
| MARLENA S. FRIDDLE, et al., | ) | Referred to Magistrate Judge |
|        Defendants. | ) | for Pretrial Management |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Sanders Estes Unit in Venus, Texas. Defendants are Correctional Officers Marlena S. Friddle and Elaine Slavik, and Nurse Shanda Story. Before issuing process, the magistrate judge issued two questionnaires to Plaintiff, who filed his answers thereto on September 3 and 17, 2008.

Statement of Facts: Plaintiff alleges Defendants violated his constitutional rights when they refused to evacuate him for over twelve hours despite excessive smoke in his housing unit caused by a sub-roof fire. According to Plaintiff, the smoke exposure has aggravated his pre-existing asthma condition. (*See* Complaint at 3 and Answers to Magistrate Judge's Questionnaire filed on Sep. 3, 2008). He requests monetary relief.

On October 20, 2008, Defendants Friddle and Slavik moved to dismiss arguing that

Plaintiff had failed (1) to exhaust administrative remedies, and (2) to allege a sufficient physical injury. On November 24, 2008, Plaintiff filed his response.

Findings and Conclusions: Defendants seek to dismiss this action because Plaintiff's Step 2 grievance did not mention any problem with either Defendants Friddle or Slavik.

42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The PLRA does not specify who must be named in a prison grievance in order to exhaust properly the prison grievance system. *See Jones v. Bock,* 549 U.S. 199, 217-18, 127 S. Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218, 127 S. Ct. at 923.

Defendants do not argue, and nothing in the Step 2 grievance indicates, that the Texas grievance procedures require the prisoner to specifically name a particular official. "[T]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation." *Johnson v. Johnson,* 385 F.3d 503, 522 (5th Cir. 2004). However, a grievance "must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and for many types of problems this will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem." *Id.*

Defendants' exhaustion argument is conclusory in the extreme, thus precluding any determination as to whether Plaintiff failed to exhaust administrative remedies. Moreover, no

2

party, has provided a copy of Plaintiff's complete administrative grievance.[1]

Next, Defendants contend that the complaint fails to allege a sufficient physical injury. under 42 U.S.C. § 1997e(e). In answer to the questionnaire, Plaintiff seeks nominal damages for civil rights violations, in addition to compensatory and punitive damages. (*See* Sept. 3, 2008 Answer to Question 5). As recognized in *Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007), and *Mayfield v. TDCJ*, 529 F.3d 599, 606 (5th Cir. 2008), an inmate does not have to allege any physical injury in order to state a claim for recovery of nominal or punitive damages.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants Friddle and Slavik's motion to dismiss be DENIED.

A copy of this recommendation will be transmitted to Plaintiff and counsel for Defendants.

The referral of this case for pre-trial management will continue.

Signed this 4th day of December, 2008.

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds

---

[1] The complaint only includes a copy of Plaintiff's Step 2 grievance.

3

of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.