**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HUBERT LONG,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:08-CV-1367-K** |
| | ) | |
| **MARLENA S. FRIDDLE, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Parties: At the time he filed this action, Plaintiff was incarcerated at the Sanders Estes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Venus, Texas. Currently he is a resident of Fort Worth, Texas, where he has lived since on or about February 4, 2009. Defendants are Correctional Officers Marlena S. Friddle and Elaine Slavik, and Nurse Shanda Story. The court issued process in this case.

Statement of Facts: The complaint alleges Defendants Friddle and Slavik violated Plaintiff's constitutional rights when they refused to evacuate him for over twelve hours on or

about December 19, 2007, despite excessive smoke in his housing unit caused by a sub-roof fire. With respect to Nurse Story, the complaint alleges that she denied Plaintiff medical care for a pre-existing asthma condition, aggravated by the smoke inhalation. Plaintiff requests monetary relief.

On February 20, 2009, the court filed an order requiring a scheduling conference and report for contents of scheduling order. (Doc. #30). The order required Plaintiff and Defendants' counsel "to confer no later than March 20, 2009," to consider the claims and defenses, discuss the possibility for a resolution, and arrange for disclosures. (Doc. #30 at 1). The order also required that a joint report be filed no later than March 30, 2009. (*Id.*). Lastly, the order required Plaintiff to provide Defendants' counsel a phone number at which he could be reached to schedule a telephone or in-person conference. (*Id.* at 3). The clerk mailed the order to Plaintiff at his new address in Fort Worth, Texas, and transmitted the order electronically to Defendants' counsel.

In their motion to dismiss, filed on March 23, 2009, Defendants Friddle and Slavik allege Plaintiff never contacted their counsel to provide a telephone number at which he could be reached as set out in the Court's February 20, 2009 order. They request dismissal under Fed. R. Civ. P. 41(b) due to Plaintiff's failure to comply with an order of the court. As of the filing of this recommendation, Plaintiff has not responded to Friddle and Slavik's motion to dismiss.

Also at issue is Defendant Shanda Story's amended motion for summary judgment filed on April 17, 2009. She seeks summary judgment on the basis of Eleventh Amendment and qualified immunity. Plaintiff has not responded to this motion either.

<u>Findings and Conclusions</u>: For the reasons set out below, Defendants' motions should be

granted.

I.

Rule 41(b), of the Federal Rules of Civil Procedure, provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Even absent a defendant's motion, the district court has the inherent authority to dismiss an action *sua sponte*. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). The court's authority under Rule 41(b) "is based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'" *Berry*, 972 F.2d at 1191 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962)).

Plaintiff's failure to contact Defendants' counsel as required by Part III of the court's February 20, 2009, order evinces a lack of interest in pursuing his claims. The court is not required to delay the preparation of a scheduling order until such time as Plaintiff decides to contact counsel for the Defendants. This absence of an intent to prosecute his claims is further demonstrated by the fact that he has failed to respond to Story's motion for summary judgment. Accordingly, the district court should exercise its discretion to dismiss any claims against Defendants Friddle and Slavik without prejudice under Rule 41(b).[1]

II.

To prevail on a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered

---

[1] The dismissal of these defendants does not impact statute of limitations issues. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (noting that higher standard governs dismissal of time barred complaints under Rule 41(b)).

as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986). Once the moving party has made an initial showing, the party opposing the motion for summary judgment may not merely rely on his pleadings, but must come forward with competent evidentiary materials that establish a genuine fact issue. *Anderson*, 477 U.S. at 256-257, 106 S. Ct. at 2514; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986).

Plaintiff has not responded to Defendant Story's motion for summary judgment. While his failure to respond does not permit the entry of a "default" summary judgment, the court has the authority to accept Defendant's evidence as undisputed. *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). *See also Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim). Therefore, the court accepts Story's evidentiary assertions as undisputed. *See Ragas*, 136 F.3d at 458 (court does not have the duty to sift through the record in search of evidence to support a party's opposition to summary judgment); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n. 17 (5th Cir. 1992).[2]

Insofar as Plaintiff sues Story in her official capacity, the complaint is considered to be a suit against the official's government agency by which she was employed –i.e, TDCJ-CID. As a result, the complaint would be barred by sovereign immunity as a suit against the state itself.

---

[2] Since Plaintiff has not responded to the motion for summary judgment, the court need not consider Plaintiff's answers to the magistrate judge's questionnaire in deciding the motion. *Bookman v. Shubzda*, 945 F.Supp. 999, 1004-05 (N.D. Tex. 1996).

*See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2312 (1989); *see also Aguilar v Texas Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (the Eleventh Amendment cloaks State instrumentalities such as TDCJ with immunity from suits for damages). Therefore, Defendant Story, in her official capacity, is entitled to summary judgment on the basis of Eleventh Amendment immunity.

To the extent, Plaintiff sues Story in her individual capacity, she is entitled to summary judgment on the basis of qualified immunity. The doctrine of qualified immunity, shields state officials from suit "'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *McClendon,* 305 F.3d at 322 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)).

To determine whether an official is entitled to qualified immunity from a suit alleging a constitutional violation, the court conducts a familiar two-step inquiry: First the court determines whether plaintiff's allegations allege facts to establish that the official violated the plaintiff's constitutional rights. *Hope v. Pelzer,* 536 U.S. 730, 736, 122 S. Ct. 2508, 2513 (2002). Whether the facts establish a violation of a constitutional right is determined with reference to current law. *See Atteberry v. Nocona Gen. Hosp.,* 430 F.3d 245, 253 (5th Cir. 2005); *McClendon,* 305 F.3d at 323. Second, the court must decided if the right at issue was "clearly established" at the time of defendant's alleged misconduct. *See McClendon,* 305 F.3d at 323. Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of circumstances in the particular case at hand." *Pearson v. Callahan*, ___ U.S. ___, 129 S.Ct. 808, 818 (2009), receding from *Saucier v. Katz*, 533 U.S, 194, 121 S. Ct. 2151 (2001).

To state a colorable claim under the Eighth Amendment for denial of medical care, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). “Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind.” *Norton*, 122 F.3d at 291. It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840, 114 S. Ct. 1970, 1979-81 (1994).

A disagreement of opinion as to the correct medical treatment does not constitute cognizable civil rights claims, but at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g. Estelle*, 429 U.S. at 107-108, 97 S. Ct. at 29293; *Norton*, 122 F.3d at 292; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979); *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Moreover, it is well settled that relief is unavailable under § 1983 for claims grounded only in negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

The undisputed summary judgment evidence establishes that Plaintiff was seen by medical personnel immediately following the smoke exposure incident. (Story’s Amended Motion for Summary Judgment at Exh. A). Since he had already used his asthma inhaler before coming to the clinic, he was not in respiratory distress. Moreover, following the visit, Plaintiff was sent to the “medical waiting room,” to await transfer to a different housing area while his smoky pod was being aired out. Under these circumstances, Plaintiff cannot establish that his

Eighth Amendment rights were violated as a result of the denial of medical care. His allegations establish nothing more than a disagreement of opinion which raises at the most a state law negligence claim. Therefore, Defendant Story, in her individual capacity, is entitled to judgment as a matter of law on the basis of qualified immunity.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants Marlena Friddle and Elaine Slavik's motion to dismiss (Docket # 31) be GRANTED, and that any claims against them be DISMISSED without prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(b).

It is further recommended that Defendant Shanda Story's amended motion for summary judgment (Doc. #35) be GRANTED on the basis of Eleventh Amendment and qualified immunity, and that any claims against her be DISMISSED with prejudice.

A copy of this recommendation will be transmitted to Plaintiff and counsel for Defendants.

Signed this 2nd day of June, 2009.

Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.